UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY ROBERT NIX,

        Plaintiff,                              Case No. 1:21-cv-425

v.                                                  Hon. Paul L. Maloney

CEDAR SPRINGS PUBLIC SCHOOLS,
*et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is an action brought by *pro se* plaintiff Johnny Robert Nix (referred to as plaintiff or Nix) against Cedar Springs Public Schools, Scott Smith, Cedar Springs School Board, Hedi Reed, Matt Shoffner, Traci Slager, Trent Gilmore, Jeff Rivard, Shannon Vanderhyde, and Mistie Bowser. For the reasons discussed below, the amended complaint should be dismissed.

        **I.**        **Nix's amended complaint**

Nix refers to his amended complaint as "Motion To Amend, Court of Claims" and filed in the State of Michigan. Amend. Compl. (ECF No. 28, PageID.346). Nix's amended complaint does not conform with the Federal Rules of Civil Procedure. It does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. Civ. P. 8(a)(1). On the contrary, Nix asserts, "I, JOHNNY ROBERT NIX, request the Defendants provide proof of jurisdiction." *Id*. at PageID.348. In addition, the amended complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2). Furthermore, Nix does not comply with the requirements of Fed. R. Civ. P. 10 that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far

as practicable to a single set of circumstances" and that each claim founded on a separate transaction or occurrence "must be stated in a separate county or defense." Fed. R. Civ. P. 10(b).

The amended complaint begins with non-sensical recitations of "Notice to agent, is notice to principal" and "Notice to principal, is notice to agent." *Id*. PageID.346. Next, Nix lists, and then re-lists, five state law torts:

1.  Breach of Contract

2.  Breach of duty

3.  Trespass.

4.  Negligent infliction of emotional distress

5.  Due to their negligence it has caused damages to JOHNNY ROBERT NIX, [KRN][1], to the People of Kent County, [Michigan] within the Cedar Spring [sic] School district.

*Id*. The balance of the amended complaint consists of a few facts, rhetoric, and statements of law.

The thrust of Nix's amended complaint is that defendant Cedar Springs Public Schools does not have authority to enforce emergency orders under M.C.L. § 333.2253, "Gatherings and Face Mask Order" entered by Michigan Governor Gretchen Whitmer and the Michigan Department of Health and Human Services (MDHHS). *Id*. at PageID.348. Nix alleged that defendants "failed their duty," "breached their contact," and "purged their Oaths" by enforcing these orders. *Id*.

Nix's amended complaint also includes non-existent quotes such as:

> U.S. SUPREME COURT DECISION: "All codes, rules, and regulations are for governmental authorities only, not human/creators in accordance with God's laws. All codes, rules, and regulations are unconstitutional and lack due process . . ." Rodrigues v. Ray Donovan, U.S. Department of Labor, 769 F.2d 1344, 1348, decided in 1985.

---

[1] Nix's amended complaint violates Fed. R. Civ. P. 5.2(a) by including the full name of an individual known to be a minor.

*Id*.

As for facts, Nix alleged that he contacted defendants on April 15, 2021 with an email containing a "Notice to cure". *Id*. at PageID.349. This was allegedly his attempt to "settle this matter outside of court." *Id*. Among the statements in Nix's "notice" are "f. The defecation of common law '*Featuring Black's Law Dictionary*'" and "g. A print out of Common law cases 'ever-man-is-independent-of-all-laws['], that show Res Judicata Supreme Court cases". *Id*. (emphasis in original).

Nix also attempted to personally prosecute defendants under federal criminal law,

> May 18 2021, I, JOHNNY ROBERT NIX, served the CEDAR SPRINGS PUBLIC SCHOOLS The Color of Law. (18 U.S. Code § 241) & (18 U.S. Code § 242) due to failure of breach of contract and breach of duty. "Exhibit L."

*Id*. at PageID.350.[2]

Nix's cause of action appears to be based on a convoluted theory that "[d]efendants have violated our constitutional rights . . . [w]hich caused them to violate their Oaths of office." *Id*. Nix's "TABLE OF AUTHORITIES" consists of a collection of legalese including "ultra vires act(s) and/or Broken Chain of Title," negotiable instruments and a "Creation-wide Public Record":

> The defendants have agreed to, accepted and acknowledged the Original Contracts as passed and enacted by the People, by, under and pursuant to the intent of the People, by, under and pursuant to the Oaths and / or Affirmations taken and subscribed by the defendants and/or the taking of any form and format of compensation and consideration.
>
> The aforementioned and latter ultra vires act(s) and/or Broken Chain of Title, by an operation of law, render the Defendants unable to enact, effectuate, enforce, utilize and maintain any and all capacities, characters, conditions, status, standings,

---

[2] "This Court has long held that individuals cannot claim monetary damages arising from alleged violations of 18 U.S.C. §§ 241 and 242." *Weathers v. Holland Police Department*, No. 1:13-cv-1349, 2015 WL 357058 at *2 (W.D. Mich. Jan. 27, 2015) (citing *Horn v. Peck*, 130 F.Supp. 536 (W.D.Mich.1955). *See United States v. Oguaju*, 76 Fed.Appx. 579, 581 (6th Cir.2003) ("the district court properly dismissed [the plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [the plaintiff] has no private right of action under either of these criminal statutes").

> jurisdictions, venues, law forms, authorities, processes, procedures, prerogatives, interactions, et cetera, which "may" have authorized proceeding and interfering against our (assets) and ourselves at any place and at any time.
>
> Any and all things, items, and tangible mediums emanating from the aforementioned, including but not limited to, negotiable instruments, are hereby in their entirety, as if set forth in full as an integral part of these matters and Creation-wide Public Record.

*Id*.

Finally, Nix purports to bring this lawsuit on behalf of himself, his child KRN, and the people of Kent County Michigan under the First Amendment. *Id*. at PageID.347. In this regard, Nix contends that,

> I, JOHNNY ROBERT NIX, have a duty and the ability to challenge any and all breaches of the citizens of the United States of America constitutional rights. (1ST AMENDMENT OF UNITED STATES CONSTITUTION)

*Id*. at PageID.350. For his relief, Nix asks for an injunction and monetary damages. *Id*. at PageID.351.

## II. Discussion

### A. Standing

Nix filed the amended complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). Because Nix had an "absolute right" to amend his complaint, *see Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000), the Court did evaluate the substance of that pleading prior to its filing. Now that Nix's amended complaint has been filed, the Court has reviewed the substance of the pleading and concluded that there is no federal subject matter jurisdiction for the alleged claims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994).  The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity of citizenship jurisdiction). *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

"Standing goes to a court's subject matter jurisdiction."  *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013) (internal quotation marks and brackets omitted). "The doctrine [of standing to sue] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

> Our cases have established that the "irreducible constitutional minimum" of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element.

*Id*. (internal citations omitted).

Here, Nix has no standing to bring this action.  Nix purports to file this lawsuit on behalf of all people of Kent County to contest defendants' decisions with respect to the state orders regarding masks.  Nix has no standing to bring such a lawsuit on behalf of the residents of Kent County.

> We have consistently held that a plaintiff raising only a generally available grievance about government — claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large — does not state an Article III case or controversy.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992).  Accordingly, this action should be dismissed for lack of subject matter jurisdiction.

### B. Failure to state a federal claim

Furthermore, Nix's amended complaint fails to state a claim upon which relief can be granted.  The Court allowed Nix to file this action *in forma pauperis* pursuant to § 1915.  The Court will review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). It is well-established that this Court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678.

The Court construes Nix's amended complaint as brought pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

As discussed, *supra*, Nix failed to draft his amended complaint as required by Federal Rules of Civil Procedure 8 and 10. Nix's amended complaint is disorganized, contains inaccurate legal statements, and is at times unintelligible. Because Nix's complaint lacks a coherent structure, it would be extremely difficult, if not impossible, for defendants to file an answer to this pleading. Defendants are not required to spend hours trying to figure out what Nix is claiming and how to respond to his amended complaint. For this reason alone, the amended complaint should be dismissed.

The gist of Nix's amended complaint is that the Cedar Springs Public Schools, its superintendent and various school board members committed unlawful acts by following the mask guidelines issued by Michigan's governor and the MDHHS. Here, Nix's only federal claim is an alleged violation of his First Amendment rights. The First Amendment provides that,

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. Amend I. Nothing in Nix's amended complaint relates to a violation of the rights enumerated in the First Amendment. His claim involves a convoluted theory that defendants violated oaths. Nor does the First Amendment grant Nix "the duty and ability to challenge any and all breaches of the citizens of The United States of America constitutional rights" as he claims. *See* Amend. Compl. at PageID.350. Nix's conclusory recitations that defendants violated his First Amendment rights are insufficient to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678.

### III.  Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's amended complaint be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 12(h) and 28 U.S.C. § 1915(e)(2)(B).

Date    February 10, 2022                /s/ Ray Kent
                                         RAY KENT
                                         United States Magistrate Judge


**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).