UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY ROBERT NIX,                    )
                    Plaintiff,        )
                              )        No. 1:21-cv-425
-v-                                   )
                              )        Honorable Paul L. Maloney
CEDAR SPRINGS PUBLIC SCHOOLS, *et al.*  )
               Defendants.        )
_____     )

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Johnny Nix, the father of a student at Cedar Springs Public Schools, complains about the mask mandates at Cedar Springs schools. Plaintiff proceeds without the benefit of counsel and has been granted in forma pauperis status. Plaintiff recently filed an amended complaint, which constitutes the pleading governing this lawsuit. The Magistrate Judge reviewed the complaint and issued a report recommending that the Court dismiss the lawsuit. (ECF No. 29.) Plaintiff filed objections. (ECF No. 30.) Defendants filed a response. (ECF No. 31.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has carefully reviewed the complaint, the report and recommendation, and the objections.  Because Plaintiff is pro se, the Court has liberally construed his filings.

1.   Standing on behalf of the residents of Kent County.   The Magistrate Judge concludes that Plaintiff does not have standing to bring his lawsuit on behalf of the residents of Kent County.  Plaintiff objects.  The Court overrules the objection.  Our Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Nevertheless, the Court proceeds on the assumption that Plaintiff has standing. Plaintiff contends he has standing based on his relationship with his son, KRN.  KRN attended school and was subjected to the mask mandate.  The Magistrate Judge did not address this possibility.  To the extent Defendants' authority discusses standing in the context of a parent-child relationship (PageID.416), this lawsuit arises from a factually distinct situation.  In an abundance of caution, and for the sole purpose of evaluating the R&R, the Court will assume Plaintiff has standing to litigate the alleged injury to his minor child.  *See Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004).

2.  Failure to State a Claim.  The Magistrate Judge concludes the complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and does not provide Defendants with fair notice of the claims against them.  The Magistrate Judge also concludes

that Plaintiff fails to state a First Amendment claim.  Plaintiff objects.  The Court overrules the objection.

Plaintiff does not have a claim based on the alleged violations of an oath of office. Federal courts have consistently found that alleged violations of an oath of office by government officials does not give rise to a private right of action.  *See, e.g., Lynn v. Hicks*, No. 1:21cv220, 2021 WL 1439177, at *6 (W.D. Mich. Apr. 16, 2021) (collecting cases); *Marshall v. Richardson Props.*, No. 3:09cv379, 2010 WL 889530, at *3 (W.D. Ky. Mar. 8, 2010) (collecting cases).  An official's oath does not constitute a contract with the public in general such that a member of the public can sue.  The phrase "We the people," which appears in the Preamble to our Constitution, does not provide a cause of action for Plaintiff to enforce Defendants' oaths.

And, Plaintiff has not alleged sufficient facts to put Defendants on notice of a violation of the First Amendment.  Simply referencing the First Amendment is not sufficient to provide Defendants with fair notice of a First Amendment claim.  Federal courts have recognized multiple and varied claims under the First Amendment, including the right to free speech, the right to associate, the free exercise of religion, the establishment of religion, the freedom of assembly, and the freedom of the press, among others.  In his objection, Plaintiff mentions the right to petition the government for redress.  (PageID.396.)  The right to petition the government for redress of grievances also falls under the First Amendment. *See McDonald v. Smith*, 472 U.S. 479, 482 (1985).  Plaintiff has not pled a denial of his right to petition Defendants on behalf of himself or on behalf of his son.  The right to petition the government includes the right of access to the courts.  *See Hudson v. Palmer*, 468 U.S. 517,

523 (1984). The Court is unaware of any authority suggesting that enforcing the Rules of Civil Procedure denies a litigant the right of access to the courts.

Finally, Plaintiff makes references to courts that have found unconstitutional certain pandemic orders issued by Governor Whitmer and the Michigan Department of Health and Human Services. The Court interprets Plaintiff as referencing the Michigan Supreme Court's opinion in *In re Certified Questions of the United States District Court*, 958 N.W.2d 1 (Mich. 2020) and the 46th Circuit Court in Otsego County's opinion in *Moore Murphy Hospitality v. MDHHS*, No. 21-18522, slip. op. (Mich. 46th Cir. Ct. Jan. 13, 2022). In those cases, the courts examined orders issued under state statutes in light of the Michigan Constitution. To the extent the courts found some order unconstitutional, the court concluded that the statute on which the order relied violated the state constitution, not the First Amendment.

Accordingly, the Court **ADOPTS, in part**, the Report and Recommendation. (ECF No. 29.) The Court concludes Plaintiff does not plead sufficient facts to state a cause of action in the amended complaint. The Court ADOPTS that part of the Report and Recommendation. The Court concludes, in an abundance of caution, that Plaintiff has standing and, therefore, declines to adopt that portion of the Report and Recommendation.

IT IS SO ORDERED.

Date:   February 24, 2022                                    /s/  Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge